UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDROS LINEBERRY,<br><br>Defendant. | CR17-175 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendant's Emergency Motion for Compassionate Release, docket no. 40. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order DENYING the motion.

**Background**

Defendant was sentenced on May 10, 2018, to 94 months in the custody of the United States Bureau of Prisons ("BOP"). *See* Judgment (docket no. 32). Defendant is currently incarcerated at USP Hazelton and has a projected release date of December 2, 2024. He seeks immediate release on the ground that his age (44) and medical conditions

ORDER - 1

(history of smoking and obesity) increase the possibility of acute illness or death from Coronavirus Disease 2019 ("COVID-19").

**Discussion**

A sentence is generally considered final and may not be altered except in limited circumstances. <u>See</u> 18 U.S.C. § 3582(b); <u>see also</u> <u>Dillon v. United States</u>, 560 U.S. 817, 824 (2010). Prior to 2018, a modification for reasons other than a post-conviction reduction in the applicable sentencing range could be made only upon a motion brought by the Director of BOP. <u>See</u> <u>United States v. Rodriguez</u>, 451 F. Supp. 3d 392 (E.D. Penn. 2020). Congress has since enacted the First Step Act of 2018, which permits a defendant, after exhausting administrative remedies,[1] to directly request a reduction in the term of incarceration. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). The First Step Act did not, however, amend the two statutorily enumerated grounds for compassionate release, namely (i) the existence of "extraordinary and compelling reasons" supporting a reduction; or (ii) the satisfaction of certain criteria for a defendant sentenced to life imprisonment under 18 U.S.C. § 3559(c), which does not apply in this matter. <u>See id.</u> at §§ 3582(c)(1)(A)(i) & (ii); <u>Riley v. United States</u>, 2020 WL 1819838 at *6-7 (W.D. Wash. Apr. 10, 2020). In addition, any compassionate release must be consistent with (i) the sentencing factors set forth in 18 U.S.C. § 3553(a), and (ii) the applicable policy statement issued by the United States Sentencing Commission ("Commission"). <u>See</u> 18 U.S.C. § 3582(c)(1)(A).

---

[1] The parties agree that defendant has met the prerequisite of exhaustion.

ORDER - 2

As adopted in 1984, the statute did not define "extraordinary and compelling reasons," but rather delegated to the United States Sentencing Commission the task of describing the grounds for a sentence reduction that would qualify as "extraordinary and compelling."  <u>See</u> 28 U.S.C. § 994(t); <u>see also</u> Pub. L. No. 98-473, §§ 212(a)(2) & 217(a), 98 Stat. 1837, 1998 & 2019 (1984).  The Commission promulgated United States Sentencing Guideline ("USSG") § 1B1.13, the application notes of which describe three categories of potentially "extraordinary and compelling reasons," namely medical condition, age, and family circumstances, <u>see</u> USSG § 1B1.13 cmt. n.1(A)-(C), as well as a "catch-all" provision, <u>id.</u> cmt. n.1(D), which "opens the door" to considering factors other than those specifically enumerated.  <u>See United States v. McPherson</u>, 454 F. Supp. 3d 1049 (W.D. Wash. 2020).  The comments to USSG § 1B1.13 do not constrain the Court in evaluating whether the grounds for release articulated by defendant are "extraordinary and compelling," but they do provide helpful guidance.  <u>See United States v. Locke</u>, 2020 WL 3101016 at *4 (W.D. Wash. June 11, 2020).

> **1. Denial Based on Current Medical Condition**

Defendant contends that he is more vulnerable to COVID-19 because he has a history of smoking and he weighs approximately 235 pounds, which corresponds to a BMI of 32.8 and places him in the "obese" range.  The Government responds that his weight is barely above the threshold identified by the Centers for Disease Control and Prevention ("CDC") as posing a concern.  Defendant's medical records otherwise reflect that he is in good health; he appeared well during his recent exam in July 2020, with no reported illnesses.  <u>See</u> Ex. B to Reply (docket no. 48).

Having considered the necessary factors, the Court concludes that defendant has not established "extraordinary and compelling reasons" to support a reduction in his sentence. Neither defendant's age nor race increase his susceptibility to COVID-19, and he is otherwise in good health. Defendant's contention to the contrary is entirely speculative and unsubstantiated by medical evidence, and it merely raises generalized concerns that do not support a reduction in his sentence. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); see also United States v. Williams, 2020 WL 3037075 at *3-4 (W.D. La. June 5, 2020).

### 2. **Denial Based on Safety to the Community**

The Commission's relevant policy statement indicates that a defendant may be granted compassionate release only if he or she is "not a danger to the safety of any other person or to the community," as evaluated in the manner outlined in 18 U.S.C. § 3142(g), which governs the release or detention of an accused pending trial. USSG § 1B1.13(2). Sections 3142(g) and 3553(a) have substantial overlap, both indicating that the Court should take into account (i) the nature and circumstances of the charged offense, (ii) the history and characteristics of the defendant, and (iii) the nature and seriousness of the danger to any person or the community that would be associated with the defendant's release. See 18 U.S.C. §§ 3142(g)(1), (3), & (4), and 3553(a)(1) & (2)(C). Having considered these factors, the Court concludes that, even if defendant could demonstrate "extraordinary and compelling reasons" to support his motion, he has not made the requisite showing that his immediate release would not pose a risk to the "the safety of any other person or to the community." Defendant's lengthy criminal history and his

ORDER - 4

willingness to commit new crimes while on federal supervised release demonstrates that he is a significant risk to reoffend.  He has twice committed similar felony offenses on supervision.  The Court finds that defendant poses a high risk of reoffending if released from prison.

**Conclusion**

        For the foregoing reasons, the Court ORDERS:

(1)    Defendant's motion for compassionate release, docket no. 40, is DENIED; and

(2)    The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 9th day of November, 2020.

                                  Thomas S. Zilly
                                  United States District Judge